### Edge *vs.* Edge.

Where an administrator and a third party together bought land of the estate at the administrator's sale, and the former settled with the distributees therefor, a suit for the part due by the other purchaser should be brought within the usual statute of limitations. It began to run in his favor from the date of the sale. Ratification by the distributees was not necessary as to him.

Statute of limitations. Administrators and executors. Before Judge Crisp. Schley Superior Court. October Term, 1878.

Reported in the decision.

B. P. Hollis; J. N. Hudson; J. A. Ansley, for plaintiff in error, cited Code, §3132; 12 *Ga.*, 594.

Guerry & Son; J. N. Hudson, for defendant in error.

Warner, Chief Justice.

The plaintiff sued the defendant for contribution, and alleged in his declaration that he was duly appointed admin-

istrator on the estate of Martin J. Reed, deceased, and as such administrator, in the year 1860, he sold at administrator's sale a lot of land belonging to his intestate's estate, which was purchased by him and the defendant for the sum of $1,405.00 ; that his intestate left his widow and his son, John C. Reed, as his only heirs at law, both of whom have ratified said sale since the son became of age in 1876, since which time the plaintiff alleges that he has paid said John C. Reed his distributive share of said land, the widow having been previously settled with for her share.   The defendant demurred to the plaintiff's declaration on the ground that it appeared on the face thereof that his demand was barred by the statute of limitations.   The court sustained the demurrer and the plaintiff excepted.

There was no error in sustaining the defendant's demurrer to the plaintiff's declaration.   The defendant bought one–half of the lot of land at the plaintiff's administrator's sale in 1860.   The plaintiff could then have sued the defendant for one-half of the purchase money for which the land sold.   It was no concern of the defendant whether the heirs ratified the sale of the land or not, as he was not the administrator on Reed's estate.   The defendant owed the administrator one-half of the purchase money for which the land sold, and he could have sued him for it at any time after the sale in 1860.

Let the judgment of the court below be affirmed.